SHEPHERD, Circuit Judge.
Northern States Power Company (“NSP”) sought in the district court[1] to *901 vacate an arbitration award, arguing that the arbitrator exceeded his authority under a Collective Bargaining Agreement (“CBA”) with the International Brotherhood of Electrical Workers, Local 160 (“Union”) to grant an award after first determining that NSP had just cause for making its termination decision. The district court agreed with NSP and vacated the award. The Union appeals the district court’s order. Having jurisdiction under 28 U.S.C. § 1291, we affirm.
I.
Curtis Snow worked for NSP as a “Journeyman Lineman.” In July 2010, NSP conducted a routine background check on Snow and learned that on May 4, 2010, he had pled guilty to three felony counts of possession of a pornographic work involving a minor. Snow was sentenced to a term of probation. He did not inform NSP of his conviction or the terms of his probation. One of the terms of his probation was that Snow could have “no contact with a minor until approved.” As a Journeyman Lineman, Snow responded to electrical power outages and made needed repairs. Snow’s job responsibilities could result in him working alone, but testimony presented at the arbitration hearing established that it was unusual for any lineman to work alone and there was no evidence that Snow had ever worked alone during his two years of employment with NSP.
Upon learning of the probation and its terms, NSP determined that it could not guarantee that Snow would have no contact with a minor while performing his job duties. Thus, NSP terminated Snow on August 6, 2010.
The Union submitted a formal grievance under the CBA regarding Snow’s termination. After the parties were unable to resolve the matter using the CBA’s internal grievance procedure, the matter was submitted to the arbitrator. The parties stipulated that the arbitrator was to decide these issues: “Was the Grievant, Curtis Snow, terminated for just cause? If not, what shall the appropriate remedy be?”
After conducting a hearing, the arbitrator ruled as follows:
[T]he Local’s grievance is denied in part and sustained in part. To the extent that Mr. Snow was convicted of a serious crime that raises some very legitimate concerns on the part of the Management going forward, they have demonstrated justification for their decision. At the same time however, the Union has presented convincing evidence which sets forth a number of factors that existed which ultimately favor the imposition of a penalty less than the Grievant’s dismissal.
The arbitrator then ordered that NSP return Snow to work, without back pay, at Snow’s former position or a position with near or equal pay and benefits.
NSP initiated this action in district court seeking to vacate the arbitrator’s award on the basis that the arbitrator, after finding just cause for Snow’s termination, exceeded his authority under the CBA when he ordered NSP to reinstate Snow. The district court granted NSP’s motion to vacate the arbitrator’s award of reinstatement.
II.
We review de novo the district court’s legal determination that the arbitrator exceeded his authority in making an award under the CBA. See Int’l Bhd. of Elec. Workers, Local 1 v. GKN Aerospace N. Am., Inc., 431 F.3d 624, 627 (8th Cir.2005) (‘Where, as here, an arbitration provision of a contract is at issue, we also review de novo the court’s interpretation of the contract and the arbitration clause.”). Judicial review of the arbitrator’s ultimate decision is very deferential *902 and should not be disturbed “as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority.” United Paperworkers Int’l Union v. Misco, Inc., 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987).
The CBA at issue in this case provides that “[i]n the matter of suspension, demotion, or discharge, if after hearing witnesses, the charges are not sustained ... the arbitration board may rule that the employee shall or shall not receive full or partial wages from the Company.” Based on this provision, the parties stipulated that the question before the arbitrator took the form of two parts, the second only necessary if the first was answered in the negative. First, “[w]as the Grievant, Curtis Snow, terminated for just cause?” Only if the arbitrator determined that NSP did not terminate Snow for just cause was he to decide “what shall the appropriate remedy be?”
The question presented in this case is a narrow one: Did the arbitrator determine that NSP had “just cause” for terminating Snow? The Union argues that it is clear the arbitrator determined there was not just cause for Snow’s termination because the arbitrator, invoking “well-established arbitral jurisprudence,” determined that NSP should reinstate Snow. In other words, the Union maintains, the fact that the arbitrator granted an award means that he determined the NSP did not have “just cause” for terminating Snow. NSP argues that in making the award, the arbitrator was exceeding his authority under the CBA after he determined NSP had “just cause” for terminating Snow, and that it is irrelevant that the arbitrator failed to use the words “just cause” in discussing NSP’s termination of Snow.
We are guided in our analysis by other circuits that have addressed virtually this same question. The Second Circuit affirmed the district court’s order vacating an arbitrator’s award where the arbitrator found that the employer “had no option but to terminate the Grievant,” but despite that finding entered an award returning the grievant to work with directions that the time between termination and the return to work be considered a disciplinary suspension. See 187 Concourse Assoc. v. Fishman, 399 F.3d 524, 526 (2d Cir.2005) (per curiam). The arbitrator had been presented with the almost identical two-part question as the arbitrator here: “Was the Grievant discharged for just cause? If not, what shall the remedy be?” Id. The union argued the arbitrator’s finding that the employer “had no option but to terminate” did not equate to a finding of “just cause” for the termination because the arbitrator referred to the grievant’s prior unblemished record and awarded reinstatement to the grievant. Id. at 526-27. In affirming the district court’s decision to vacate the award, the Second Circuit explained, “[W]e interpret the arbitrator’s statement that [the employer] ‘had no option but to terminate’ [the grievant] to be a finding of just cause for [the grievant’s] discharge. Upon a finding of just cause, there was nothing further to be done.” Id. at 527.
Furthermore, the Fifth Circuit has explained that “where an arbitrator implicitly finds that just cause exists, it need not recite the operative phrase ‘just cause.’ ” See Am. Eagle Airlines, Inc. v. Air Line Pilots Ass’n, Int’l, 343 F.3d 401, 409 (5th Cir.2003). Similar to the Second Circuit, the Fifth Circuit also affirmed a district court’s order vacating the arbitrator’s award, concluding that “if the relevant [CBA] requires just cause for dismissal, an arbitrator acts beyond its jurisdiction by fashioning an alternate remedy once it has concluded — implicitly or otherwise — that an employee’s conduct constitutes just cause for dismissal.” Id. at 410.
*903 Additionally, our prior decision in St. Louis Theatrical Co. v. St. Louis Theatrical Brotherhood Local 6, supports the conclusion of the district court in this case. 715 F.2d 405 (8th Cir.1983). There we held that, after the arbitrator determined the employee participated in a work stoppage as defined by the CBA, the arbitrator exceeded his authority by concluding that discharge was an excessive penalty for the misconduct. See id. at 408.
Here, the language of the arbitrator’s decision — specifically that NSP had “demonstrated justification” for its decision to terminate Snow — is sufficient to show that the arbitrator found the termination was supported by “just cause.” Having answered the first submitted question in the affirmative, the arbitrator had no authority to address the second question or to fashion a remedy different than the termination. Therefore, the district court properly vacated the arbitrator’s award for reaching beyond his authority under the CBA.
III.
Accordingly, we affirm.

. The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.